**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

JOHN A. RHODE, #2009050080                                                                    **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO.  1:09-cv-388-LG-RHW**

**SHERIFF DAVID ALLISON**
**and STEVE GARBER**                                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Pearl River County Jail, Poplarville, Mississippi, filed a

complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status on June 26, 2009.

 A review of the docket entries reveal that on August 17, 2009, an order [11] was entered finding

that even though the Plaintiff had filed a response [10] on August 7, 2009, the response [10]

failed to comply with the order [7] entered on July 14, 2009.  The order [11] of August 17, 2009,

further granted the Plaintiff an extension of time, until and including September 1, 2009, to

completely comply with the order [7] entered July 14, 2009.  The Plaintiff was warned in that

order [11] that failure to timely comply may result in the dismissal of the instant civil action.

When the Plaintiff failed to file a response as directed by the order [11] entered August 17,

2009, an order to show cause [12] was entered on September 16, 2009.  The Plaintiff was advised

in that order [12] that this was his final opportunity to comply with the previous order [11] of this

Court.  The Plaintiff was directed to respond to the order to show cause [12] on or before

October 1, 2009.  Having reviewed the record, this Court finds that the Plaintiff has not

responded as directed even though he was warned that failure to do so would result in the dismissal of the instant civil action without further notice.

According to the record, the Plaintiff has failed to comply with three court orders. Therefore, it is apparent from the Plaintiff's failure to comply with the orders of this Court or to communicate otherwise with this Court since August 7, 2009, when he filed his response [10], that he lacks of interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum

Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2009.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE